FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  OCT 29 2008  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ARDENIA HUGHES
                 Plaintiff,

           - against-
MYRTLE AVENUE BUILDERS LLC, MYRTLE AVENUE DEVELOPMENT ASSOCIATES LLC, MYRTLE AVENUE DEVELOPERS I LLC, MYRTLE VENTURE LLC, MYRTLE OWNER LLC, BFC MYRTLE VENTURE LLC, BFC PARTNERS, L.P., "XYZ CORPORATION", PETER FERRARA, ANTHONY FERRARA, MARTIN ALLEN, DARNELL CANADA, and "JOHN DOE" and "JANE DOE"

                 Defendants.
-----------------------------------------------------------x

08 No. 4393

COMPLAINT

BLOCK, J.

GOLD, M.J.

      Plaintiff by her attorneys, the Law Offices of Jonathan Weinberger, as and for her complaint, respectfully allege as follows:

## JURISDICTION AND VENUE

1. This is an action to remedy the failure of defendants to properly pay plaintiff minimum wage and overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 et seq (the "FLSA"), for violations of the New York State Labor Law, and to remedy discrimination and retaliation under the New York State Human Rights Law (the "HRL") and the Administrative Code of the City of New York (the "NYCHRL").
2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.
3. Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, plaintiff claims failure of defendants to pay wages due and owing, pursuant to the New York State Labor Law §190 et seq., and §652(1); and for failure to pay plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR §142-2.2. Venue lies within this judicial district, as all of the defendants reside or have

offices in the Eastern District, and plaintiff lives and worked for defendants in this District.

4. At or before the commencement of this action, notice thereof was served upon the New York State Attorney General.

## PARTIES

5. Plaintiff is a resident of Kings County, the State of New York.
6. Defendant MYRTLE AVENUE BUILDERS LLC, on information and belief is a New York limited liability company, with offices at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
7. Defendant MYRTLE AVENUE DEVELOPMENT ASSOCIATES LLC, on information and belief is a New York limited liability company, with offices at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
8. Defendant MYRTLE AVENUE DEVELOPERS I LLC, on information and belief is a New York limited liability company, with offices at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
9. Defendant MYRTLE VENTURE LLC, on information and belief is a New York limited liability company, with offices at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
10. Defendant MYRTLE OWNER LLC, on information and belief is a New York limited liability company, with offices at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
11. Defendant BFC MYRTLE VENTURE LLC, on information and belief is a New York limited liability company, with offices at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
12. Defendant BFC PARTNERS, L.P.,on information and belief is a New York limited partnership, with offices at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
13. Defendant "XYZ CORPORATION" is an employer of plaintiff, the name being fictitious and unknown to plaintiff.
14. Upon information and belief, Defendant PETER FERRARA, is an employer and/or individually liable for the remedies sought by plaintiff in this complaint, employed at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
15. Upon information and belief, Defendant ANTHONY FERRARA, is an employer and/or individually liable for the remedies sought by plaintiff in this complaint, employed at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
16. Upon information and belief, Defendant, MARTIN ALLEN is an employer and/or individually liable for the remedies sought by plaintiff in this complaint, employed at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
17. Upon information and belief, Defendant DARNELL CANADA, is an employer and/or individually liable for the remedies sought by plaintiff in this complaint, employed at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
18. Upon information and belief, Defendant "JOHN DOE", is an employer and/or individually liable for the remedies sought by plaintiff in this complaint, employed at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.
19. Upon information and belief, Defendant "JANE DOE", is an employer and/or individually

liable for the remedies sought by plaintiff in this complaint, employed at 325 Gold Street, 7th Flr., Brooklyn, New York 11201.

20. Defendants are an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law §§190 et seq.)(652(1)).

21. At all times relevant and material herein, plaintiff was an employee of defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1) and the Labor Law.

22. Defendants are engaged in the business of warehousing of goods traveling across state lines for interstate commerce.

23. Throughout her employment, plaintiff was engaged in services and duties essential to the movement of goods in interstate commerce.

## BACKGROUND FACTS

24. In or about October, 2006, plaintiff began working as a security guard for defendants.

25. At all relevant times, plaintiff reported to the individual defendants, who controlled plaintiff's terms and conditions of employment, work schedule, rate of pay, and method of compensation.

26. During the entire the time that plaintiff was employed as a security guard, from October, 2006 through approximately August 13, 2008, she worked five days each week from, approximately 8.5 hours per day, and during said time period plaintiff was paid $210 per week.

27. Plaintiff was not permitted to take time off for meals.

28. While plaintiff was a security guard, defendants paid plaintiff in cash, without providing an accurate indication as to her rate of pay, her hours worked each day, and the total hours worked each week.

29. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain accurate timesheets and payroll records.

30. Plaintiff complained that she was not being paid the minimum wage and overtime under the New York State Labor.

31. On or about August 13, 2008, plaintiff was assigned a new job as a cleaner/laborer.

32. Plaintiff was sexually harassed by other employees.

33. Plaintiff complained about the sexual harassment to defendants.

34. Defendants retaliated against plaintiff for her complaints of sexual harassment and failure to pay minimum wage and overtime by discriminating against plaintiff in the terms and conditions or her employment and by firing plaintiff.

35. As a result of defendants' discriminatory and unlawful acts and retaliatory acts, including but not limited to those described above, and the hostile environment created thereby, plaintiff has suffered and will continue to suffer monetary damages and damage unless and until this court grants relief.

## FIRST COUNT

25. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
26. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.
27. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.
28. Defendants intentionally failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).
29. Defendants' failure to pay plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).
30. Plaintiff has been damaged in an amount to be determined at trial.

## SECOND COUNT

36. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
37. Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the FLSA for work in excess of forty (40) hours per week.
38. Defendants' failure to pay plaintiff wages and overtime at the rate of time-and-a-half was willful.
39. As a result of the foregoing unlawful and/or wilful conduct on the part of the defendants, plaintiffs has suffered and continue to suffer damages.

## THIRD COUNT

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein
41. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and regulations.
42. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y. Lab. Law § 663.
43. Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH COUNT

44. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
45. During the time that plaintiff was employed, plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2, the Labor Law and applicable regulations.
46. As a result of the foregoing unlawful and/or wilful conduct on the part of the defendant, plaintiff has suffered and continues to suffer damages.

## FIFTH COUNT

4

47. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
48. Plaintiff made complaints to defendants that defendants violated obligations under the Labor Law.
49. By reason of said complaints, plaintiffs was subject to retaliation, including but not limited to discrimination, penalties, and discharge.
50. By reason of the above, defendants have violated Labor Law § 215.
51. As a result of the foregoing unlawful and/or wilful conduct on the part of the defendant, plaintiff has suffered and continue to suffer damages.

## SIXTH COUNT

52. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.
53. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on sexual harassment, hostile environment and retaliation within the meaning of the New York City Human Rights Law.
54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

## SEVENTH COUNT

55. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.
56. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on sexual harassment, hostile environment and retaliation within the meaning of the New York State Human Rights Law.
57. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

WHEREFORE, plaintiff requests this Court enter a judgement in favor of plaintiff and against defendants:

On The Fair Labor Standards Act Causes of Action
1. Declaring defendants violated the Fair Labor Standards Act (29 Code USC §201 et seq.) during the period of plaintiff's employment;
2. Declaring defendants' violation of the Fair Labor Standards Act was willful;
3. Awarding plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wage and overtime compensation, with interest;
4. Awarding plaintiff an equal amount in liquidated damages; and
5. Awarding Plaintiff costs and reasonable attorneys' fees, and interest, together with such other and further relief as to the Court seems just and proper.

On the New York State Labor Law Counts:
1. Declaring defendants violated the New York State Labor Law;
2. Restraining defendants from violating the Labor Law;
3. Declaring that defendants' violation of the New York State Labor Law was willful;
4. Awarding plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wage and overtime compensation, with interest;
5. Finding that defendants' refusal to pay plaintiffs the required correct wages was willful, and awarding plaintiffs an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due;
6. Pursuant to Labor Law § 215, an order for all appropriate relief, including but not limited to rehiring or reinstatement of the plaintiffs to their former positions with restoration of seniority, payment of lost compensation and benefits, monetary damages, and reasonable attorneys' fees.
7. Awarding plaintiffs reasonable attorney's fees, costs and interest, together with such other and further relief as to the Court seems just and proper.

On the New York City and New York State Human Rights Law Counts:
1. Enter a declaratory judgment that the acts and practices of defendants complained of herein are in violation of the laws of the State of New York, and for such other affirmative relief as may be necessary to redress the effects of Defendants' discriminatory acts, including damages for wages, pain and suffering, compensatory damages, costs and disbursements, and legal interest thereon.
2. A money judgment, in an amount to be determined at trial, for the mental distress, anguish, pain and suffering experienced by plaintiffs as a result of Defendants' illegal employment practices and activities, as provided for by the HRL and NYCHRL.
3. Punitive damages and attorney's fees under the NYCHRL.
4. Grant plaintiff such other and further relief as to this court appears just and proper, including costs and disbursements.

DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: New York, New York
October 28, 2008

                Law Offices of Jonathan Weinberger
                Attorneys for Plaintiff

                BY: _____
                Jonathan Weinberger (JW-2425)
                880 Third Avenue, 13th Fl.
                New York, New York 10022
                (212) 752-3380